Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. G. CROSTHWAITE, et al., as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BCJ SAND & ROCK, INC., a California Corporation, aka BCJ SAND & ROCK CORP.,<br><br>Defendant. | Case No.:  C09-3412 SBA<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiff OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant BCJ SAND & ROCK, INC. a California Corporation, aka BCJ SAND & ROCK CORP. ("Defendant"), as follows:

1. Defendant entered into a valid Collective Bargaining Agreement with the Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2. James Brad Slender, aka Brad Slender, CEO/RMO/President of Defendant BCJ

-1-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-3412 SBA**

1  Sand & Rock, Inc., hereby acknowledges that he will accept service by mail of the Summons,
2  Complaint and related documents, by signing and promptly returning to Plaintiffs an
3  Acknowledgment of Receipt to be provided by Plaintiffs together with the filed Court documents
4  as soon as these are received from Court.

      3.      Defendant has become indebted to the Trust Funds as follows:

| | |
|---|---:|
| 10/08 contribution balance | $7,322.90 |
| 11/08 contributions | $12,807.12 |
| 4/09 contributions | $13,761.96 |
| 5/09 contributions | $17,886.02 |
| Liquidated damages (10/08-5/09 contributions) | $11,118.40 |
| 12% p/a Interest (to 7/23/09) | $1,410.48 |
| Attorneys' fees (to 7/22/09) | $1,326.50 |
| Cost of Suit | $350.00 |
| **TOTAL** | **$65,983.38** |

      4.      Defendant shall conditionally pay the amount of **$54,864.98**, conditioned on timely receipt of all payments due under the terms of this Stipulation, as follows:

      (a)      Beginning on July 29, 2009, and no later than the Wednesday of each week thereafter for a period of forty-eight (48) weeks, through and including **June 30, 2010**, Defendant shall pay to Plaintiffs the amount of **$1,250.00 per week**. If a Wednesday falls on a holiday, then payment shall be due no later that the business day prior to that holiday Wednesday. Any such payment received by Plaintiffs from Defendant prior to July 29, 2009 shall be credited to amounts claimed herein.

      (b)      Payments may be made by joint check, to be endorsed prior to submission. Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

      (c)      Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest, from July 24, 2009, at the rate of twelve percent (12%) per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements.

///

1    (d) Prior to the last payment pursuant to this Stipulation, Plaintiffs will advise Defendant as to the final amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation regardless of whether or not Defendant defaults herein.  Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the June 30, 2010 stipulated payment

(e) Weekly payments shall be made payable to the *Operating Engineers Trust Funds*, and **delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104**, or to such other address as may be specified by Plaintiffs.

5. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, this shall be considered to be a default on the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default.  Default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs, before or together with the next weekly payment.  If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check.*  In the event default is not cured, all amounts remaining due hereunder, without any waiver of liquidated damages, shall be due and payable on demand by Plaintiffs.

6. Beginning with contributions due for hours worked by Defendant's employees during the month of June 2009, due on July 15, 2009 and delinquent if not **received** by the Trust Funds by July 25, 2009, and for every month thereafter until this Judgment is satisfied, Defendant **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. *Plaintiffs acknowledge receipt ot Defendant's timely June 2009 report and payment.* **Defendant shall fax a copy of its contribution report for each month, together with a copy of that payment check, to Muriel B. Kaplan at 415-882-9287, prior to**

**sending the payment to the Trust Fund.**  To the extent that Defendant is working on a Public Works job, or any other job for which **Certified Payroll Reports** are required, copies of said Reports will be faxed to Muriel B. Kaplan concurrently with their submission to the general contractor, owner or other reporting agency.

7.  Failure by Defendant to remain current in monthly contributions shall constitute a default of the obligations under this agreement and the provisions of ¶ 11 shall apply.  Any such unpaid or late paid contributions, together with 15% liquidated damages and 12% per annum interest accrued on the combined total of contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein, except that no waiver of liquidated damages incurred on unpaid or late paid monthly contributions shall apply.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

8.  Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name and address of job, customer or general contractor, certified payroll if a public works job, and time period worked or to be worked.  **Defendant shall fax said updated list each month together with the contribution report (as required by ¶5 of this Stipulation) to Muriel B. Kaplan at 415-882-9287.**  Failure to provide this information within seven (7) days of Plaintiffs' request shall constitute a default under the terms of this agreement.

9.  James Brad Slender, aka Brad Slender ("Guarantor") acknowledges that he is the CEO/RMO/President of BCJ Sand & Rock, Inc., that he is personally guaranteeing all amounts to be paid in connection with Stipulation**,** and acknowledges that all successors in interest to BCJ sand & Rock, Inc., as well as any assigns, affiliated entities and purchasers, shall be contractually bound by the terms of this Stipulation.  All such entities shall specifically consent to the terms

herein and to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase.

10. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, of the amount of the final lump sum payment and any additional amounts claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional attorneys fees and costs incurred in this matter. Said amount shall be paid on or before June 30, 2010.

11. In the event that Defendant or Guarantor fails to make any payment required under ¶ 4 above, or fails to remain current in any contributions under ¶ 6 above, then:

(a) The entire amount of **$65,983.38** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15% liquidated damages and 12% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs as referenced herein.

(b) A Writ of Execution may be obtained against Defendant/Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the date of default, <u>Defendant/Guarantor specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of Execution herein</u>.

(c) Defendant/Guarantor expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution thereon, without a noticed motion;

(d) Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant/Guarantor to Plaintiffs under this Stipulation, regardless of whether a default occurs herein.

12. Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

13. In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

14. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

15. This Stipulation is limited to the agreement between the parties with respect to the known delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs. Plaintiffs nevertheless reserve the right to conduct an audit of Defendant's records to determine whether there are any additional amounts due, any of which shall be added to the amounts claimed herein, subject to proof. This Stipulation does not in any manner relate to withdrawal liability claims, if any.  Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

16. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

19. Defendant and Guarantor each represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Agreement with case and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

Dated: July 24, 2009   **BCJ SAND & ROCK, INC.**

By: /S/James B. Slender
James Brad Slender, aka Brad Slender, CEO/RMO/President

Dated: July 24, 2009   **JAMES BRAD SLENDER, aka BRAD SLENDER**

/S/James B. Slender
Individually, as Personal Guarantor

Dated: July 24, 2009   **OPERATING ENGINEERS TRUST FUNDS**

By.: /S/Wayne E. McBride
Wayne McBride, Collections Manager

Dated: July 27, 2009   **SALTZMAN AND JOHNSON LAW CORPORATION**

By: /S/Muriel B. Kaplan
Muriel B. Kaplan
Attorneys for Plaintiffs

**ORDER**

The stipulated judgment is approved. All matters pertaining to the enforcement of this judgment are referred to the Chief Magistrate Judge or her designee for determination.

IT IS SO ORDERED.

Dated: October 26, 2009

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge